UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



DONOVAN L. MCPEAK,

    Petitioner,

v.                      CIVIL ACTION NO. 4:11cv163
                    [ORIGINAL CRIMINAL NO. 4:10cr58]

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND FINAL ORDER

This matter comes before the court on the petitioner's, Donovan L. McPeak's ("McPeak"), motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 ("Motion").[1] For the reasons set forth below, the court **DENIES** the petitioner's Motion.[2]

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 2010, a federal grand jury in the Eastern District of Virginia indicted McPeak on six counts. Counts One through Three charged McPeak with distribution of child

---

[1] Because McPeak is a pro se petitioner, the court liberally construes the Motion. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

[2] The court determined that the Motion, files, and records of the case conclusively show that the petitioner is entitled to no relief. Accordingly, the court did not hold an evidentiary hearing. See 28 U.S.C. § 2255; United States v. Baysden, 326 F.2d 629, 631 (4th Cir. 1964).

pornography, in violation of 18 U.S.C. § 2252(a)(2). Counts Four through Six charged McPeak with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On April 29, 2010, the court entered an order appointing Jennifer Stanton to represent the petitioner, and, on June 18, 2010, McPeak pled guilty to Count One before Magistrate Judge Tommy E. Miller. On October 21, 2010, this court sentenced him to one-hundred eighty (180) months of imprisonment and a lifetime of supervised release.

On October 28, 2011, McPeak filed the instant Motion.[3] The court issued an order striking the pleading because the petitioner had not signed the Motion. On December 5, 2011, the petitioner refiled the motion with a proper signature affixed. In the Motion, the petitioner argues for habeas relief on two

---

[3] The limitations period for McPeak's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 expired on October 21, 2011, one year after his judgment of conviction became final. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (holding that if a defendant declines to pursue appellate review, his conviction becomes final on the date when the judgment of conviction was entered). While McPeak's Motion was not received by the Clerk until October 28, 2011, McPeak certified, on the last page of the original Motion, that he delivered the Motion to prison officials for mailing on October 21, 2011. On the basis of that attestation, the Motion is timely. See Houston v. Lack, 487 U.S. 266 (1988) (holding that pro se petitioner's notice of appeal was "filed" at the moment of delivery to prison authorities for forwarding to the District Court, not when the Clerk of the District Court received it); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (holding the same for the filing of a civil complaint by a pro se prisoner).

2

grounds: (1) he alleges he received ineffective assistance of counsel; and (2) he alleges the court lacks jurisdiction over active duty military personnel. Mot. at 3.

On December 15, 2011, the court entered an order directing the United States to respond, which it did on February 13, 2012. McPeak did not reply to the government's response, and the matter is now ripe for review.

## II. DISCUSSION

A prisoner may challenge a sentence imposed by a federal court if: 1) the sentence violates the Constitution or laws of the United States; 2) the sentencing court lacked jurisdiction to impose the sentence; 3) the sentence exceeds the statutory maximum; or 4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack" where the petitioner shows that his sentence was affected by "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

In challenging his sentence, the prisoner bears the burden of proving one of the aforementioned grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). If he satisfies that burden, the court may vacate, set aside, or correct his sentence. 28 U.S.C.

§ 2255(b). However, if the petitioner's motion, when viewed against the record, shows that the petitioner is entitled to no relief, then the court should summarily deny the motion. United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988), abrogated on other grounds by Padilla v. Kentucky, 130 S. Ct. 1473 (2010).

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prove ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence that 1) the attorney's performance was deficient, and 2) the attorney's deficient performance prejudiced the petitioner by undermining the reliability of the judgment against him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To show deficient performance, counsel's actions or omissions must be measured against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savion v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). The court must attempt to "eliminate the distorting effects of hindsight," and instead "indulge a strong presumption that counsel's challenged conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

To demonstrate prejudice, McPeak must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at

694. In doing so, he must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Because the petitioner must satisfy both prongs of the test, a failure to carry the burden of proof as to one prong precludes relief and relieves the court of the duty to consider the other. Strickland, 466 U.S. at 700.

McPeak alleges that Stanton performed deficiently as counsel by failing "to investigate the sentencing guidelines applied . . . to determine their reasonability" and by failing "to seek mitigating evidence to submit to the judge at sentencing." Mot. at 3. McPeak alleges that Stanton's failures prejudiced him and asks that his sentence "be set aside for resentencing absent the unreasonable guideline enhancements." Mot. at 5.

The court first considers Ms. Stanton's alleged failure to seek mitigating evidence. Indeed, an ineffective assistance challenge predicated on counsel's failure to investigate certain mitigating evidence is a proper subject for federal habeas review. See Wiggins v. Smith, 539 U.S. 510 (2003). Counsel is obligated to conduct a thorough investigation of the defendant's background in preparation for sentencing, id. at 522, and

counsel may be found ineffective if they fail to do so. See, e.g., id. at 534.

However, in the petitioner's case, contrary to his allegations in the Motion, all evidence suggests that Ms. Stanton, during the course of her representation of the petitioner, conducted a proper and thorough investigation of the defendant's background and presented relevant mitigating evidence to the court, both in her Position Paper on Sentencing, ECF Doc. #28, and at sentencing. See ECF Doc. #39 (Transcript of Sentencing Proceedings).

Specifically, at the sentencing proceeding held on October 21, 2010, Ms. Stanton made very competent arguments on the petitioner's behalf regarding mitigation. She emphasized the petitioner's cooperation from the initial investigative interview onward, ECF Doc. #39 at at 13-14, and his struggle with mental illness. Id. at 13. Ms. Stanton also discussed the petitioner's difficult upbringing. Id. at 12-13. She stated that his mother suffered from very significant mental illnesses and an addiction to pain killers. Id. Additionally, she recounted that the petitioner's parents were physically and emotionally abusive to each other in the household, with the petitioner often caught in between them. Id. After his mother passed away, Ms. Stanton stated that the petitioner's father had a psychotic breakdown, which effectively rendered the petitioner

6

homeless. Id. Finally, Ms. Stanton noted that the petitioner now maintains a supportive and extended family network that increases his chances at successful rehabilitation. Id. at 17. The court took into account Ms. Stanton's arguments regarding mitigation when it sentenced the petitioner to a below-Guidelines term of imprisonment of one-hundred eighty (180) months.[4] Id. at 25.

The court next considers Ms. Stanton's alleged failure "to investigate the sentencing guidelines applied . . . to determine their reasonability." Mot. at 3. Other courts have found that failing to object to sentencing errors can constitute ineffective assistance of counsel. See United States v. Horey, 333 F.3d 1185 (10th Cir. 2003) (counsel's failure to object to improper career offender enhancement was ineffective assistance of counsel); United States v. Conley, 349 F.3d 837 (5th Cir. 2003) (counsel's failure to object to a sentence of ten years when the correct sentence was five years constituted ineffective assistance of counsel). However, in this case, there is no indication that a sentencing error occurred.

---

[4] The petitioner's Guidelines range was 210-262 months, restricted by a statutory maximum to 240 months. PSR at 26. The United States brought a U.S.S.G. § 5K1.1 motion for a downward departure of 25% for substantial assistance. ECF Doc. #39 at 9-10. The court granted the motion at sentencing. See ECF Doc. #31 (Judgment); ECF Doc. #39 (Transcript of Sentencing Proceedings).

7

Ms. Stanton did not register any objections to the presentence investigation report ("PSR") on behalf of the petitioner at the sentencing proceeding, but she did ask the court to correct several factual assertions in the PSR, which the court did. Id. at 3-6. The petitioner received a total of five enhancements, pursuant to the Guidelines, for various aggravating elements of his offense. It is entirely unclear on what basis the petitioner now argues that those enhancements were "unreasonable." Mot. at 5. Absent some specific allegation that those enhancements were misapplied, of which the court is unaware, the court cannot find that Ms. Stanton was ineffective as counsel for failing to object to their application, as they did apply.

In sum, nothing in the record supports the finding that McPeak received ineffective assistance of counsel. All evidence suggests that Ms. Stanton was reasonable in her conduct and in her exercise of professional judgment. At the guilty plea proceedings on June 18, 2010, the petitioner acknowledged that he had discussed the case with Ms. Stanton and that he was satisfied that he had considered all of the facts and possible defenses. ECF Doc. #38 at 14. Additionally, the petitioner stated that he was pleading guilty freely and voluntarily. Id. at 17. At the sentencing proceeding, Ms. Stanton both corrected

factual assertions in the PSR and presented mitigating evidence to the court.

McPeak fails to show any basis upon which the court could find "either deficient performance or sufficient prejudice," as regards Stanton's representation. Strickland, 466 U.S. at 700. As such, he is unable to show "that the justice of his sentence was rendered unreliable by a breakdown in the adversary process caused by deficiencies in counsel[s'] performance[s]." Id. Accordingly, McPeak is not entitled to relief on the basis of ineffective assistance of counsel. In fact, the court is of the opinion that he had quite effective counsel.

### B. JURISDICTION OVER ACTIVE DUTY MILITARY PERSONNEL

In his motion, McPeak also contends that this court lacks jurisdiction over him because "military courts have exclusive jurisdiction over military personnel on active duty, when those personnel are on-base and the offense is prosecutable under the UCMJ." Mot. at 3. For this reason, McPeak asks that his conviction be reversed and that he be prosecuted in the appropriate military court. Id. at 5.

However, under Title 18, United States Code Section 3231[5], "federal courts have . . . concurrent jurisdiction with military

---

[5] 18 U.S.C. § 3231 provides:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the

courts over violations of the laws of the United States by military personnel whether on or off the military reservation." United States v. Walker, 552 F.2d 566, 567 (4th Cir. 1977). "Consequently simply because a member of the armed forces may be punished by military court martial for an offense provides no justification for concluding that a District Court lacks jurisdiction to punish him for the same offense, if such offense is violative of a federal law." Id. Thus, the law is clear that this court has jurisdiction over the petitioner's case, including his conviction and sentencing. Therefore, he is not entitled to relief on this basis.

### III. CONCLUSION

Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED** as to both claims.

Petitioner is **ADVISED** that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, 2400 West Avenue, Newport News, Virginia, 23607. The written notice of appeal must be received by the Clerk within sixty (60) days of the date of this Opinion and Final Order. The court declines to issue a certificate of appealability for the reasons stated herein.

---

States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

The Clerk is **DIRECTED** to send a copy of this Opinion and Final Order to petitioner, the Assistant United States Attorney at Newport News, and petitioner's prior counsel, Jennifer Stanton.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Newport News, Virginia

March 16, 2012